**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**STANLEY WAYNE CODY, *et al.*,**

**Plaintiffs,**

**V.**

**WALTON COUNTY COMMISSIONERS, *et al.*,**

**Defendants.**

**NO. 5:26-cv-00424-MTT-ALS**

**ORDER OF DISMISSAL**

Plaintiff Stanley Wayne Cody, a prisoner currently incarcerated in the Walton County Jail in Monroe, Georgia, has filed a pro se complaint pursuant to 42 U.S.C. § 1983. ECF Nos. 1. Plaintiff Cody lists himself and three other individuals as Plaintiffs. Only Plaintiff Cody signed the complaint and only Plaintiff Cody filed a motion to proceed *in forma pauperis*. ECF Nos. 1, 2, 4, 5.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* be responsible for this Court's filing fee. 28 U.S.C. § 1915(b). And the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming district court's dismissal of multi-plaintiff action under the PLRA and conclusion "that each plaintiff had to file a separate complaint and pay a separate filing

fee"). As the Eleventh Circuit in *Hubbard* noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. *Id.* at 1197-98. Plaintiffs are therefore not permitted to proceed *in forma pauperis*. It does not appear Plaintiffs' claims would be barred by the applicable statutes of limitations if they are required to refile their claims. Therefore, the action is **DISMISSED WITHOUT PREJUDICE** and all pending motions are **DENIED as moot.** Each Plaintiff, including Plaintiff Cody, may file a separate complaint, in which he asserts only claims personal to him, if he so chooses. Each Plaintiff should also either pay the filing fee or submit a proper motion to proceed *in forma pauperis*.

The Court also notes that to the extent Plaintiff Cody seeks to bring his claims as a class action on behalf of his fellow inmates, a *pro se* Plaintiff may not represent the interests of other prisoners. *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v.* Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). This same principle prevents a *pro se* Plaintiff, like Plaintiff Cody, from representing some or all of the three other inmates who are named as Plaintiffs in this case. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).[1]

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**SO ORDERED**, this 9th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT